UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR V. KARPOV,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ERNESTO SANTACRUZ JR, et al.,<br><br>　　　　　Respondents. | Case No. 5:26-cv-02182-SSC<br><br><br>ORDER GRANTING UNOPPOSED HABEAS PETITION |

On April 28, 2026, Petitioner Aleksandr V. Karpov filed a counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a Russian citizen who is in immigration detention at the Desert View ICE Processing Center.  (*Id.* at 2.)

The verified petition alleges the following.  After entering the United States, Petitioner applied for asylum, and that application remains unadjudicated.  (*Id.* at 4, 29, 105.)  Petitioner was asked to appear for his asylum interview at the U.S. Citizenship and Immigration Services Asylum office but was detained on January 22, 2026, by ICE.  (*Id.* at 5, 104–05.)  Petitioner "requested a bond before an [immigration judge (IJ)]."  (*Id.* at 5.)  The IJ denied the bond without considering the evidence or that Petitioner was not a danger to the community "because he ha[d] a predisposition to deny it[.]"  (*Id.*)

Without providing any detail, the IJ's order denying bond stated that bond was denied because "Risk of flight.  Outstanding Interpol Diffusion order/arrest warrant."  (*Id.* at 107.)

The petition raises two claims: (1) a claim for violation of 8 U.S.C. § 1226(a) on the basis that Petitioner was not afforded a constitutional bond hearing because the IJ was "[p]redisposed to deny the bond[,]" failed to apply the legally required standard, and ignored relevant and probative evidence that favored Petitioner; and (2) a claim for violation of the Fifth Amendment's Due Process Clause challenging Petitioner's continued detention.  (*Id.* at 15–18.)

The petition requests that the Court: (1) declare that Petitioner's detention violates Fifth Amendment due process; (2) declare that Respondents' conduct violates the Administrative Procedures Act; (3) order Respondents to "release Petitioner from custody; hold a hearing if warranted; determine that [Petitioner's] detention is not justified because the government has not established clear and convincing evidence that he presents a risk of flight in light of the available alternatives"; (4) prohibit Respondents from transferring Petitioners out of this judicial district without the Court's approval; (5) order Respondents to return Petitioner's personal belongings, "including, but not limited to, his personal identification and any work permit, social security card and all his identification documents confiscated from him at the time of detention"; and (6) award attorney's fees and costs under the Equal Access to Justice Act.[1]  (*Id.* at 19–20.)

---

[1] To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action.  *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

On May 5, 2026, Respondents filed a two-paragraph answer that included a statement that "Respondents are not presenting an opposition argument at this time" and that "no more filings or proceedings will be necessary in this matter."[2]  (ECF 9 at 2.) Confusingly, Petitioner filed only a caption page in reply.  (ECF 10.)

The Court thus construes the § 2241 petition as unopposed.  So construed, the petition is GRANTED.  Respondents are ordered to release Petitioner from ICE custody immediately and return Petitioner's personal belongings, including, but not limited to, his personal identification and any work permit, social security card and all his identification documents confiscated from him at the time of detention.  Judgment will be entered accordingly.

## ORDER

**IT IS ORDERED** that Judgment shall be entered granting the petition.

DATED: May 8, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).